UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN C. ISAAC,

                              Plaintiff                     COMPLAINT
                                                                         JURY TRIAL DEMANDED
  -Against-                                                                   08-Cv-3474

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, KATHLEEN
COUGHLIN, individually

                              Defendants
------------------------------------------------------------X

      Plaintiff, STEVEN C. ISAAC, by his attorneys, LAW OFFICES OF AMBROSE WOTORSON, alleges as follows:

      I.        INTRODUCTION

      1.       This is an action pursuant to 42 U.S.C. Sections 1981, 1983 and 2000(e) to vindicate the civil rights of plaintiff. Plaintiff contends that defendants altered the terms, conditions, and privileges of his municipal employment because of his race, because he spoke out on matters of public concern, and because he opposed defendant's discriminatory practices against himself and others.

      II.       JURISDICTION

      2.       This Court has jurisdiction over this action under 42 U.S.C. Sections 1981, 1983 and 2000(e). Venue is proper, as the operative events occurred within this judicial district. Moreover, plaintiff submits the instant complaint within 90 days of a right to sue letter, which he received on or about January 2, 2008.

      III.      PARTIES

      3.       STEVEN C. ISAAC (hereinafter, "plaintiff") who resides in Kings County, New York, hereby sues in on his own behalf. At all relevant times, defendants employed plaintiff

as a Deputy Director of the Equal Employment Opportunity Office.

4.     CITY OF NEW YORK, through the NEW YORK CITY DEPARTMENT OF CORRECTION is a state actor for 42 U.S.C. Section 1983 purposes. Defendant may sue and be sued, and its principle place of business is in New York County. The Department of Correction, a New York City Agency, is located at 60 Hudson Street, New York, 10013. At all relevant times, Defendant employed plaintiff as a Deputy Director of the Equal Employment Opportunity Office. It is sued for having violated plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies.

5.     KATHLEEN COUGHLIN, at all relevant times, served as Deputy Commissioner for the NEW YORK CITY DEPARTMENT OF CORRECTION. She is served in her individual capacity for retaliating against plaintiff and for discriminating against plaintiff because of his race, and abetting discrimination against him because of his age.

IV.    FACTUAL AVERMENTS

6.     State remedies for defendants' adverse employment actions against plaintiff are wholly inadequate as a matter of law in light of municipal, custom, practice and policy.

7.     Plaintiff's performance has been fully satisfactory at all relevant times.

8.     However, the terms, conditions, and privileges of plaintiff's municipal employment have been adversely affected in the following ways:

      a.    Plaintiff is an African American male who is fifty-two (52) years.

      b.    Since transferring from the Department of Probation to the Department of Correction in May 2003, plaintiff's telephone number in the Department's Intranet and e-mail listing has been listed incorrectly, making it impossible for people to contact him and difficult for him to perform his job.

c.  On information and belief, this has been done deliberately, in retaliation for plaintiff filing a prior lawsuit against the City of New York, and because plaintiff publicly opposed defendants' discriminatory practices.

d.  Plaintiff has asked defendants' Information Technology division why he was being treated disparately. He has not received any response to this inquiry.

e.  In the summer of 2005, plaintiff took the New York City Civil Service Examination for the Staff Analyst position. Shortly thereafter, plaintiff received notice that he had passed the examination. However, to date, plaintiff has not been appointed from the civil service list to a permanent position with the Agency. Because plaintiff has not been appointed from the Staff Analyst list, he cannot be promoted to Associate Staff Analyst.

f.  Defendants refuse to appoint him to the permanent Staff Analyst title because he reasonably opposed discrimination at the Department of Probation by filing a lawsuit.

g.  When plaintiff left the City service in 1999, after fifteen (15) years of civil service, he held a title of Associate Staff Analyst and had a permanent position at the Department of Probation. It is beyond comprehension, that plaintiff was previously appointed to permanent positions in both the Staff Analyst and Associate Staff Analyst titles before his Complaint, but is unable to be appointed to a lesser title under the current administration.

h. On information and belief, defendants have done this to retaliate against plaintiff and to prevent him from progressing through civil service positions. Plaintiff has written to the Assistant Commissioner for Personnel about this issue, but has not received a response.

i. Indeed, it is suspect that someone with plaintiff's qualifications of a Master's Degree in Human Resource Management and Labor Relations and Doctoral credits, and a superior educational history, would be unable to get an interview for a managerial position with the City of New York.

j. Plaintiff believes that he is being discriminated against because he is a dark-skinned African American male who reasonably opposed racial discrimination at the Department of Probation.

k. In December 2006, plaintiff submitted his resume for the position of Assistant Commissioner for Program Services and Discharge Planning at the Department of Correction.

l. Shortly thereafter, plaintiff received a postcard from the Department's Personnel Division informing him that his resume had been received. A few weeks later, plaintiff received a letter from the Department of Correction's Deputy Commissioner, Kathleen Coughlin, requesting that he submit additional information with regard to a specification that was included in her letter.

m. On January 16, 2007, plaintiff submitted the requested information.

n. However, while preparing to respond to Deputy Commissioner Coughlin, plaintiff reviewed the original job posting and realized that the requested information had not been requested in the original job posting.

o. Plaintiff then contacted DOC Division Assistant Commissioner Alan Vengersky, and inquired as to why he was being asked to submit additional information and to respond to a specification that had not been on the original job posting. In fact, plaintiff asked Vengersky if every applicant had to do this, or just him. Vengersky never responded to plaintiff's inquiry.

p. On information and belief, the act of forcing plaintiff to respond to an additional qualification that had not been on the original job posting, was done in retaliation for plaintiff's prior public opposition to discriminatory employment practices at the DOP.

q. In January 2007, plaintiff was interviewed by Deputy Commissioner Coughlin for the Assistant Commissioner position.

r. Ms. Coughlin, during the interview, stated to plaintiff that the position was a "high energy job" and asked plaintiff if he would have any problems with a "high energy job." When plaintiff said no, she responded by saying, "Good, because I do not want someone who thinks that they can take this position at the end of their career and coast."

5

s.  As well, when Coughlin asked about plaintiff's grant writing experience, he informed her that he had only learned grant writing in 2002 when he returned to City service. Coughlin stated that, "I have kids doing it now as well as other things." On several occasions throughout the interview, Coughlin would make references to "the kids" and "how great they are."

t.  Plaintiff was not contacted for a second interview.

u.  On July 17, 2007, plaintiff submitted his resume for the position of Executive Director, Program Development at the Department of Correction. This position reports directly to the Assistant Commissioner for Program Services, the position Plaintiff submitted his resume for in December 2006.

v.  Plaintiff has not been contacted for an interview for this position.

w.  On information and belief, two white females with no prior City Service experience, and who were less qualified than Plaintiff, were selected for the positions of Assistant Commissioner for Program Services and Executive Director, Program Services.

x.  On February 25, 2008, plaintiff submitted his resume for the position of Director, Applicant Investigation Unit at the Department of Correction.

y.  On March 3, 2008, plaintiff received a postcard from the Department's Personnel Division indicating that his resume had been received.

6

        z.        Plaintiff is qualified for the positions, and to date, he has not been interviewed as a way to screen him out for consideration.

9.        Defendants' arbitrary, retaliatory, discriminatory and illegal actions were undertaken pursuant to municipal defendants' customs, practices and policies.

10.        Moreover, plaintiff's rights are clearly established, and reasonable persons employed by municipal defendants are aware of these rights, or have reasons to be so aware of these rights.

11.        As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal acts towards plaintiff, plaintiff will suffer a loss of earnings, bonuses and other employment benefits.

12.        As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has suffered impairment and damage to plaintiff's good name and reputation.

13.        As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has suffered mental anguish and severe emotional injury.

14.        As a further proximate result of defendants' arbitrary, retaliatory, discriminatory and illegal actions towards plaintiff, plaintiff has been unable to find comparable employment and/or to ameliorate plaintiff's employment situation.

15.        Individual defendants' arbitrary, retaliatory, discriminatory, illegal actions were outrageous and were malicious, and were intended to injure plaintiff, and were done with reckless indifference to plaintiff's protected rights, entitling plaintiff to punitive damages as against all individual defendants herein.

V.  CAUSES OF ACTION

FIRST CAUSE OF ACTION

16. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

17. The defendants violated 42 U.S.C. Section 200(e) and 42 U.S.C. Section 1981 by retaliating against plaintiff because he publicly opposed defendants' discriminatory practices in a prior lawsuit.

SECOND CAUSE OF ACTION

18. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

19. The defendants violated the Fourteenth Amendment of The United States Constitution, as their adverse actions against plaintiff were arbitrary and without rational basis. Those adverse actions were also discriminatory, without substantive and procedural due process and deprived plaintiff of property and liberty interests rights. As well, defendants' actions were racially discriminatory, and thus, violated the Equal Protection Clause of the Fourteenth Amendment. These violations are made actionable through 42 U.S.C. Section 1983.

THIRD CAUSE OF ACTION

22. Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

23. The defendants actions violated 29 U.S.C. Section 621 by discriminating against plaintiff because of his age and because he is not a "kid".

VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant to him judgment containing the following relief:

    a.      An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury,

    b.      An award of punitive damages to be determined at the time of trial as against the individual defendant;

    c.      An award of reasonable attorney fees and the costs of this action and,

    d.      Such other and further relief as this Court may deem just and proper; and

    e.      reinstatement or any other equitable relief available, including an injunction against the adverse actions complained of herein.

Dated: Brooklyn, New York
       April 9, 2008

                         Respectfully Submitted,
                         Law Offices of Ambrose Wotorson
                         By_____/s/_____
                         Ambrose W. Wotorson (AWW-2412)
                         26 Court Street
                         Suite 1811
                         Brooklyn, New York 11242

                         718-797-4861