USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-17-08

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

ERIC EICHENHOLTZ
*Senior Counsel*
Phone: (212) 788-0885
Fax: (212) 788-8877
E-mail: eeichenh@law.nyc.gov

**MEMO ENDORSED**

[Handwritten endorsement: The matter will be taken up at the initial conference. Time to answer or respond by all defendants adjourned until the conference. SO ORDERED. /s/ PKC USDJ 6-17-08]

June 17, 2008

**BY FACSIMILE**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Issac v. City of New York, et al.
~~08 Civ. 7404 (PKC)~~
08 Civ Civ 3474 (PKC)

Dear Judge Castel:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and the New York City Department of Correction (the "City defendants")[1] in the above-referenced action. I write today pursuant to Your Honor's Individual Practices to respectfully request that the Court hold a pre-motion conference concerning City defendants' anticipated motion to dismiss the complaint, in part, pursuant to Rule 12(b)(6).[2]

**A.    Background**

    Plaintiff Steven C. Isaac ("plaintiff") commenced this action pursuant to Title VII, 42 U.S.C. §§ 2000e, et. seq., the ADEA, 29 U.S.C. § 621 and 42 U.S.C. §§1981 and 1983, alleging race discrimination, age discrimination and retaliation for filing a prior discrimination lawsuit. In 2004, plaintiff commenced another action pursuant to Title VII, 42 U.S.C. §§ 2000e, et. seq., and 42 U.S.C. §§1981 and 1983 against the City of New York, the New York City Department of Probation ("DOP"), DOP First Deputy Commissioner Richard Levy and DOP

---

[1] Upon information and belief, DOC Deputy Commissioner Kathleen Coughlin, who is the only individually named defendant in this action, has not yet been served with the summons and complaint and there has been no proof of service filed on the docket sheet.

[2] City Defendants' response to the complaint is currently due June 19, 2008. To the extent that this letter does not suffice as a response to the complaint, defendants also respectfully requests that their deadline to respond to the complaint be extended to a date set at the conference.

Deputy Commissioner Frank Marchiano, bearing SDNY Docket No. 04 Civ. 5108 (PAC) (the "prior action"). Plaintiff alleged that the defendants in the prior action discriminated against him on the basis of his race and retaliated against plaintiff by terminating his employment as an Assistant Commissioner with DOP. He further alleged that defendants violated plaintiff's First Amendment rights, as well as his due process rights. Defendants moved for summary judgment and, by order dated December 16, 2005, Judge Paul Crotty dismissed all of plaintiff's claims in the prior action except the First Amendment retaliation claims asserted against individual defendants Richard Levy and Frank Marchiano. In so doing, Judge Crotty found that the defendants had identified issues with respect to plaintiff's performance as an Assistant Commissioner that plaintiff had not demonstrated to be pretextual. See Isaacs v. City of New York, 2005 U.S. Dist. LEXIS 35292 (S.D.N.Y. 2005).

The First Amendment retaliation claims were tried before Judge Crotty at a jury trial in July 2006. The jury found for defendants. Plaintiff subsequently moved for judgment as a matter of law, which Judge Crotty denied and appealed the grant of summary judgment and jury verdict to the U.S. Court of Appeals for the Second Circuit. By order dated March 26, 2008, the Second Circuit affirmed the judgment for defendants, finding the defendants had demonstrated both on summary judgment and at trial that plaintiff "'required an inappropriate level of supervision and oversight,' failed to show the necessary leadership qualities for his position, and made little progress on the project he was hired to undertake - setting up new Resource Development Units for the DOP. Isaac, in turn, did not satisfy his burden to present evidence that would permit a rational factfinder to infer that the reasons for his termination were pretextual." Isaac v. City of New York, 2008 U.S. App. LEXIS 6389 (2d Cir. March 26, 2008).

In this action, plaintiff, now Deputy Director of the New York City Department of Correction ("DOC") Equal Employment Opportunity ("EEO") office, alleges that the defendants have again discriminated against him based on his age and race and retaliated against him for his prior lawsuit by incorrectly listing his phone number in the DOC directory, not appointing him to a Staff Analyst position and denying him promotion to various positions.

**B.    Rule 12(b)(6) Motion**

Defendants wish to make a partial motion to dismiss pursuant to Rule 12(b)(6) because the complaint contains several claims that can be dismissed as a matter of law.

First, Plaintiff's Title VII and ADEA claims must be dismissed because plaintiff failed to file this action within 90 days of his receipt of a right to sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117; 29 U.S.C. 626(d); see also, Johnson v. Al Tech Specialties Steel Co., 731 F2d 143, 146 (2d Cir. 1984); Toolan v. Bd. of Educ., 2003 U.S. Dist. LEXIS 14724 (S.D.N.Y. 2003) (dismissing with prejudice plaintiff's complaint which alleged violations of Title VII, ADEA and ADA, where plaintiff did not file her complaint until 91 days after receiving Right to Sue letter). Plaintiff alleges in the complaint that he received his right to sue letter on January 2, 2008, but did not commence this action until April 9, 2008, beyond the statutorily prescribed period.

Next, plaintiff's due process claims pursuant to 42 U.S.C. §1983 concerning his failure to be promoted or appointed to the Staff Analyst titles must also be dismissed. First, it is well settled that a public employee, even when listed on a civil service eligible list, has no

2

property right in being appointed or promoted. See McNemeny v. City of Rochester, 241 F.3d 279, 286-289 (2d Cir. 2001). Moreover, even if plaintiff was deprived of an alleged property or liberty interest without due process, it is clear that plaintiff had meaningful and adequate state law remedies to address the alleged deprivation by commencing an Article 78 proceeding in state court. Id. at 288-289.

Additionally, to the extent that plaintiff is alleging a First Amendment retaliation claim,[3] such a claim must also be dismissed. Plaintiff herein is alleging that the defendants retaliated against him for the prior action against the City of New York. However, the Second Circuit recently clarified that a discrimination lawsuit concerning an employee's personal employment grievances is not protected by the First Amendment because it is not speech on a matter of public concern. See Ruotolo v. City of New York, et al., 514 F.3d 184, 189 (2d Cir. 2008) (dismissing First Amendment claim in which employee alleged that he was retaliated against for filing a discrimination lawsuit).

Finally, all claims against DOC must be dismissed because it is not a suable entity. See New York City Charter §396.

For the foregoing reasons, it is clear that a partial Rule 12(b)(6) motion is appropriate in order to dismiss several claims asserted herein that are not viable as a matter of law. Thus, City defendants respectfully request that the Court schedule a pre-motion conference concerning their anticipated motion to dismiss.

Thank you for your consideration herein.

Respectfully submitted,

Eric Eichenholtz
Assistant Corporation Counsel

cc: Ambrose Wotorson, Esq., Attorney for plaintiff (by facsimile)

---

[3] The First Amendment is not specifically referenced in the complaint, but the presence of such a claim can be implied by plaintiff's reference to speech on a matter of public concern. See Complaint ¶1.

3