UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN C. ISAAC,

                        Plaintiff                      **JOINT PRELIMINARY STATEMENT**

  -Against-                                                                   08-Cv-3474

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, KATHLEEN
COUGHLIN, individually

                        Defendants
-------------------------------------------------------------X

Pursuant to this Court's Individual Rules of Practice, plaintiff Steven C. Isaac ("plaintiff"), and defendant, The City of New York et al. ("City"), file this Preliminary Statement. The counsels identified below have conferred as required by Fed. R. Civ. P. 26(f) and subsequently prepared the following report.

The pre-trial conference in this matter is scheduled for June 27, 2008 at 10:15 a.m. before District Judge P. Kevin Castel.

**A. Brief Description of the Case, Including Legal and Factual Bases for Claims and Defenses**:

This is an action pursuant to 42 U.S.C. Sections 1981, 1983 and 2000(e) to vindicate the civil rights of plaintiff. Plaintiff contends that defendants altered the terms, conditions, and privileges of his municipal employment because of his race, because he spoke out on matters of public concern, and because he opposed defendant's discriminatory practices against himself and others. Venue is proper, as the operative events occurred within this judicial district. Moreover, plaintiff submits the instant complaint within 90 days of a right to sue letter, which he received on or about January 13, 2008.

**Legal basis for Causes of Action**

The legal basis for plaintiff's retaliation claim is that he has been subjected to adverse employment actions because he prosecuted a prior lawsuit against the Department of Correction which broadly accused the defendants of a pattern of racial discrimination. These facts support a First Amendment claim, as well as a claim under 42 U.S.C. Section 1981. Albert v. City of Hartford, 529, F.Supp 2d 311 (D. Conn., 2007); CBOCS West Inc., v. Humphries, 128 S.Ct 1951(2008). Finally, plaintiff's Right to Sue letter was received on or about January 13, 2008. Plaintiff is therefore allowed to pursue a retaliation claim under Title VII as well.

The basis for plaintiff's Third Cause of Action is that an Assistant Commissioner made comments to plaintiff during an interview which reasonably suggested that she (the Assistant Commissioner) wanted to hire employees who were much younger than plaintiff. Carton v. Mystic Transp., Inc. 202 F.3d 129 (2d. Cir 2000).

**Legal Basis of Each Defense Asserted**

Only defendants City of New York and New York City Department of Correction have been served thus far.  These defendants have not yet answered the complaint and have requested leave of Court to move to dismiss, in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (a) plaintiff's Title VII and ADEA claims are barred by the statute of limitations due because plaintiff failed to file this action within 90 days of receipt of his right to sue letter from the EEOC,[1] (b) plaintiff's due process claims fail as a matter of law because he has not identified a constitutionally protected interest that was allegedly deprived without due process and, in any event, plaintiff was provided with meaningful and adequate remedies to address the alleged deprivation, (c) plaintiff's First Amendment claims fail

because plaintiff's prior lawsuit was not speech on a matter of public concern and (d) plaintiff's claims against DOC must be dismissed because it is not a suable entity.

In addition to these legal defenses, City defendants anticipate that plaintiff's claims will be barred, in part, by the doctrines of *res judicata* and/or *collateral estoppel* due to the issues litigated in resolved in plaintiff's prior lawsuit against the City defendants. City defendants also contend that this case will be defensible on its merits. Unserved defendant Kathleen Coughlin appears to also have several additional meritorious defenses, including the defense of qualified immunity and, if she is not timely served, potential defenses related to the failure to effectuate timely service.

Finally, the City of New York intends to counterclaim against plaintiff in its answer. There is a judgment in favor of the City of New York and against plaintiff in the prior action for $4,455.23. To date, plaintiff has failed to satisfy this judgment. The City of New York will seek the amount of that judgment plus post-judgment interest and any other and further relief that may be just and proper in their counterclaim.

**B.    Contemplated Motions**:

Defendants anticipate making a 12(b)(6) motion on the grounds outlined in their June 19, 2008 letter to this Court and also anticipate making a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, as of this writing, does not contemplate any motions.

**C.    Prospect for Settlement**:

City defendants have not yet received a settlement demand from plaintiff and therefore cannot evaluate the prospects for settling plaintiff's claims at this time. The City of

---

[1] Plaintiff, by letter dated June 23, 2008, has stated that the reference in plaintiff's complaint to the date he received

New York is willing to settle its counterclaim against plaintiff should plaintiff agree, by a date certain, to remit the amount of the judgment plus post-judgment interest from the date of the judgment until the date of payment. Plaintiff and defendants' attorneys have had limited discussion about settlement, but expect to continue settlement discussion throughout the instant litigation.

Dated: New York, New York
      June 24, 2008

        Respectfully Submitted,

        Law Offices of Ambrose Wotorson
        By:_____/s/_____
        AMBROSE W. WOTORSON (AWW-2412)
        *Attorney for Plaintiff*
        26 Court Street, Suite 1811
        Brooklyn, New York 11242
        718-797-4861

        MICHAEL A. CARDOZO, ESQ.
        Corporation Counsel of the City of New York
        *Attorney for Defendant*
        City of New York and the New York City Department of Correction
        By: _____/s/_____
        ERIC EICHENHOLTZ
        Assistant Corporation Counsel,
        100 Church Street,
        New York, New York   10007
        (212) 788-8682

---

his right to sue letter was the result of a typographical error.  Defendants are currently evaluating plaintiffs' claim.