UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

STEVEN C. ISAAC,

                            Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION, KATHLEEN
COUGHLIN, individually

                            Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE AMENDED COMPLAINT**

08 CV 3474 (PKC)

        Defendants City of New York, the New York City Department of Correction ("DOC") and Kathleen Coughlin (collectively "defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the amended complaint ("Complaint"), respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction and venue of this Court as set forth therein and deny knowledge and information sufficient to form a belief concerning the date plaintiff received a right to sue letter.

        3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "3" of the Complaint. Deny the allegations set forth in the second sentence of paragraph "3" of the Complaint, except admit that plaintiff was employed by the City of New York and worked in DOC's Equal Employment Opportunity ("EEO") office.

- 2 -

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the City of New York is a suable entity and that plaintiff is employed as a Deputy Director of the EEO office for DOC, which is a New York City agency with its principal place of business at 60 Hudson Street, New York, New York, 10013.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that that defendant Kathleen Coughlin is employed by the City of New York and is a Deputy Commissioner of DOC.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "8(a)" of the Complaint, except admit that plaintiff is male, self-identifies as an African American and reports to be 52 years old.

10. Deny the allegations set forth in paragraph "8(b)" of the Complaint.

11. Deny the allegations set forth in paragraph "8(c)" of the Complaint.

12. Deny the allegations set forth in paragraph "8(d)" of the Complaint.

13. Deny the allegations set forth in paragraph "8(e)" of the Complaint, except admit that plaintiff took the New York City Civil Service Examination for the civil service title of Staff Analyst and that he has not yet been appointed from the resulting eligible list.

14. Deny the allegations set forth in paragraph "8(f)" of the Complaint.

15. Deny the allegations set forth in paragraph "8(g)" of the Complaint, except admit that in 1999, plaintiff resigned his permanent Civil Service position with the City of New York.

16. Deny the allegations set forth in paragraph "8(h)" of the Complaint.

17. Deny the allegations set forth in paragraph "8(i)" of the Complaint.

18. Deny the allegations set forth in paragraph "8(j)" of the Complaint, except deny knowledge and information sufficient to form a belief concerning what plaintiff believes.

19. Admit the allegations set forth in paragraph "8(k)" of the Complaint.

20. Deny the allegations set forth in paragraph "8(l)" of the Complaint, except admit that plaintiff was requested to submit additional information concerning a qualification for the position and that plaintiff's resume was received by DOC.

21. Deny the allegations set forth in paragraph "8(m)" of the Complaint, except admit that plaintiff responded to the request for additional information.

22. Deny the allegations set forth in paragraph "8(n)" of the Complaint, except and deny knowledge and information sufficient to form a belief as to what plaintiff realized.

23. Deny the allegations set forth in paragraph "8(o)" of the Complaint.

24. Deny the allegations set forth in paragraph "8(p)" of the Complaint.

25. Admit the allegations set forth in paragraph "8(q)" of the Complaint.

26. Deny the allegations set forth in paragraph "8(r)" of the Complaint, except admit that Deputy Commissioner Coughlin discussed her expectations for the job with plaintiff.

27. Deny the allegations set forth in paragraph "8(s)" of the Complaint, except admit that plaintiff and Deputy Commissioner Coughlin discussed the abilities of the staff concerning grant writing.

28. Admit the allegations set forth in paragraph "8(t)" of the Complaint.

29. Deny the allegations set forth in paragraph "8(u)" of the Complaint, except admit that plaintiff submitted his resume for the position of DOC Executive Director of Program Development and that that position reports to the Assistant Commissioner for Program Services.

30. Admit the allegations set forth in paragraph "8(v)" of the Complaint.

31. Deny the allegations set forth in paragraph "8(w)" of the Complaint, except admit that the individuals hired to the Assistant Commissioner and Executive Director positions plaintiff had applied for were both female and self-identified as white.

32. Deny the allegations set forth in paragraph "8(x)" of the Complaint, except admit that plaintiff submitted a resume in response to the posting for the position of the DOC Applicant Investigation Unit.

33. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8(y)" of the Complaint.

34. Deny the allegations set forth in paragraph "8(z)" of the Complaint, except admit that plaintiff has not yet been interviewed for the position as of the date of the Complaint.

35. Deny the allegations set forth in paragraph "9" of the Complaint.

36. Deny the allegations set forth in paragraph "10" of the Complaint.

37. Deny the allegations set forth in paragraph "11" of the Complaint.

38. Deny the allegations set forth in paragraph "12" of the Complaint.

39. Deny the allegations set forth in paragraph "13" of the Complaint.

40. Deny the allegations set forth in paragraph "14" of the Complaint.

41. Deny the allegations set forth in paragraph "15" of the Complaint.

42. In response to paragraph "16" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "15" of the Complaint (including all subparts) as if set forth fully herein.

43. Deny the allegations set forth in paragraph "17" of the Complaint.

44. In response to paragraph "18" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "17" of the Complaint (including all subparts) as if set forth fully herein.

45. Deny the allegations set forth in paragraph "19" of the Complaint.

### FOR A FIRST DEFENSE:

46. The Complaint fails to state a claim against defendants upon which relief can be granted.

### FOR A SECOND DEFENSE:

47. This Court lacks subject matter jurisdiction over any Title VII and/or ADEA claims contained in the federal Complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

### FOR A THIRD DEFENSE:

48. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### FOR A FOURTH DEFENSE:

49. Individual defendants are not subject to suit under Title VII and the ADEA and, thus, these claims must be dismissed as against defendant Coughlin.

### FOR A FIFTH DEFENSE:

50. Defendant Department of Correction is not a suable entity.

### FOR A SIXTH DEFENSE:

51. Defendant Kathleen Coughlin is entitled to qualified and/or absolute immunity from suit.

### FOR A SEVENTH DEFENSE:

52. At all time relevant to the acts alleged in the Complaint, the duties and functions of the City officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants City and DOC have governmental immunity from liability.

### FOR AN EIGHTH DEFENSE:

53. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A NINTH DEFENSE:

54. The complaint is barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

### FOR A TENTH DEFENSE:

55. Any actions undertaken by defendants with respect to plaintiff were taken in good-faith, for nondiscriminatory, legitimate, business reasons, and based on reasonable factors other than plaintiff's race or age.

### FOR AN ELEVENTH DEFENSE:

56. Plaintiff's claims for front and/or back pay are barred by his failure to mitigate damages.

### FOR A TWELFTH DEFENSE:

57. Defendant City of New York has not adopted any policy, practice or custom violative of Plaintiff's rights.

### FOR A THIRTEENTH DEFENSE:

58. Plaintiff's alleged speech is not a matter of public concern.

## FOR A FOURTEENTH DEFENSE:

59. Defendant City of New York is not subject to an award for punitive damages.

**WHEREFORE,** defendants respectfully request that the Court enter a judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:　　New York, New York
　　　　　 September 5, 2008

　　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　　Corporation Counsel of the City of New York
　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　100 Church Street, Room 2-104
　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　(212) 788-0885
　　　　　　　　　　　　　　　　　eeichenh@law.nyc.gov

　　　　　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　　　　Eric Eichenholtz
　　　　　　　　　　　　　　　　　Assistant Corporation Counsel